First case this morning is People v. Oakley. We have Mr. Evers for the appellate and Stacey for the appellate. When you're ready. Good morning your honors on this beautiful day this is case of People v. Thomas Oakley who's convicted of criminal sexual assault and the second third and fourth arguments that we made and I don't intend to really talk about them unless you have some questions. I will focus on insufficient evidence at a reasonable dot argument that we've raised in argument one. Mr. Oakley was convicted of sex offense against his stepdaughter. He had been married to Connie his ex-wife. His stepdaughter who claimed to witness had been born on March 13, 1984 and she testified that some sexual acts began occurring when she was 13 in 1987 or in 1997 and that these acts continued until around the end of 2000 when she was 16. We are arguing that this is a prosecution that was based upon the marital problems of Connie and Mr. Oakley that she only began making these allegations after Connie and Mr. Oakley had separated that this was seven years after the last alleged acts. She came forward and made allegations uh that something occurred to officials in December 2007 and again as I said the last alleged act that she says occurred in 2000 more than seven years later. Was there any expert testimony? I mean I don't think it's unusual for with allegations uh there's a 20 year limit. You can make that allegation you can say that sometimes children don't come forward but then she also testified that she told her mother the ex-wife in 2003 that these sexual acts were occurred and this is a very interesting time on uh the ex-wife Connie uh did not leave Mr. Oakley. She continued to live with him. They had two children and one of them was a girl and she still did not leave after uh the stepdaughter her daughter made these allegations and so from 2003 to 2007 she did not do anything and she testified at trial that she asked Mr. Oakley whether these allegations were true and her testimony was that she that he told her it's possible because I didn't don't remember a lot of what I was doing that seemed to be a really strange phrase. She was obviously cross-examined. Did they get into what would motivate her to lie this didn't happen custody custody Mr. Oakley and she had two children one son one daughter and so from 2003 to 2007-2008 she did not do anything about these kind of allegations uh and that seemed to be a really wrong thing for her to be doing. Now the stepdaughter uh the complaint was also testified that in 2004 she started going to from that until again Mrs. Oakley started having real marital problems. They separated and began a divorce and it was with the divorce that she brought forth these allegations and in terms of the allegations there's no corroboration of any act it is simply the testimony of the stepdaughters with the lack of corroboration and the lack of any evidence substantiating the charges we intend that the state has failed to prove him guilty beyond a reasonable doubt. Well physical evidence is not required right? Physical evidence is not required there are many cases that say that but in terms of judging the reasonable doubt the insufficiency of the evidence it is a factor for this court to try to show that that's something that occurred. The complaining witness testified that hundreds of sexual acts occurred on her bed in her bedroom in the basement of the marital residence the state took that mattress got that mattress and did an analysis of it did scientific testing on it and did not find any kind of DNA or material from Mr. Oakley on that mattress. Uh that seems to be uh rather hard to believe considering how many acts she testified occurred on that mattress. How long does DNA last? I mean this was an allegation was made nine years after. It didn't last a long time. The evidence that it would have lasted was there evidence presented to the court that would have lasted that had happened nine years? No there is no evidence presented before the court as to whether that occurred but in the literature you will find cases in which now 20 years later that they are able to find and do an analysis of DNA uh on various pieces of evidence which causes people to be let go from jail because they determined that that DNA is not theirs. The only thing we point out is that in this case uh the idea that so many sexual acts occurred on this mattress it seems very unlikely that there would not be something left after uh the time period. And Mr. Oakley testified that he had genital warts and there was no evidence that the complaining witness did. Now the ex-wife testifies that Mr. Oakley did not have genital warts but the key point is that he also testified that she had got them and had a doctor look and had to have a medical procedure done and her credibility on that point is severely damaged in that case. Consequently, your honors, we believe that the conviction should be reversed because this was something that came out of the marital problems, the divorce, the allegations were used against Mr. Oakley and we would urge your honors to reverse. Thank you. Thank you Mr. Evers. You have an opportunity at rebuttal. Ms. Stacy. Oh go ahead. Your honor, counsel may it please the court, my name is Kelly Stacy appearing on behalf of the people. Ms. Stacy, did we agree on what you agree on and that this that we should change in the order? I know you've got it in your brief but I just want to make sure we get it correct. I believe that at the conclusion of the of the trial and during the sentencing hearing the trial court concluded that the counts emerged for criminal aggravated criminal sexual abuse with the count of criminal sexual assault. The state conceded that and the court declined to enter sentencing on that. It appears as though the judgment on the criminal sexual abuse remains just simply the sentence is vacated or there is no judgment on the criminal sexual abuse? That's a that's an interesting question. It appears as though judgment was entered on both counts because the defendant was found guilty of both of those counts but on the paperwork from the Illinois Department of Corrections it looks like eight years was imposed on both of those counts even though the trial court said I'm not going to impose sentence on on the count two because it merged in count one. In our order though we should vacate the eight years on the criminal sexual abuse. Do we vacate the the judgment or is there any any reason for making the distinction? I believe there is case law that to the effect that if a court declines to impose sentence on a count that that is in fact an incomplete judgment and judgment on that entire count should be vacated. Right okay absolutely okay and then there's no issue on the extended term because you're eliminating that. Extended term certainly is not available on count two. And you agree that there should be 75 days additional credit? That's correct. I thought it was 85. 85. I believe it was 87. 87 yes see that's why I asked. I got it wrong three times. Now but you brought up the interesting point at the end of your brief on the 75 percent 85 percent. So uh the sentence remains the same but we order the Department of Corrections to impose 75 percent? Well the court actually ordered uh 75 percent. No one argued that it should be anything other than 75 percent. So I think that the the judgment order and amendments should be amended to reflect what the court actually ordered which was 75 percent. Okay I guess we'll see what the Department of Corrections does now. That that'll be an entirely different question. Correct. Okay took up your time. Go ahead. Thank you Judge. In cases like this one where a defendant alleges he was not convicted beyond a reasonable doubt, a reviewing court must ask itself whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. This case like many others turns on the credibility of the witnesses and the trial court was in the best position to make regardless of that the defendant argues that S.P. had an improper motive in bringing these allegations in this case nine years after the sexual assaults and that the reason she did that was to help her mother in her divorce case against the defendant. But the way divorce law works, an allegation of criminal sexual assault is not going to help somebody get a divorce granted. The only way it could help is on custody of the children. Custody of the children was never an issue in the divorce case. There was a defendant never asked for custody of the children and it was a never never contested issue. The trial court did hear evidence about that or testimony from the defendant about that. It considered the defendant's claim that there was an improper motive in S.P. bringing these charges and improperly rejected that claim of an improper motive. The trial court is in the best position to make that determination and I believe that determination is proper. The defendant also argues there was no corroborating evidence to support the criminal sexual assault in this case. He complains that no semen was found on the mattress that was in fact confiscated by the state many years later. But Illinois law does not require that the state prove that there was any semen found anywhere on the scene. There could be all sorts of reasons why there was no semen found on the mattress. First of all the defendant told S.P. don't worry about this I know what I'm doing. Secondly there was a mattress pad covering the mattress. There were bed sheets covering the mattress and last of all when the defendant committed criminal sexual assault against S.P. he placed a towel under her. Were none of those items tested the towel the sheets? According to the record the only thing disclosed is that the mattress was tested. There's no indication that anything else was tested nothing else came out in that regard. A conviction for criminal sexual assault requires an act of penetration but it is not necessary for the evidence of the penetration or the vaginal penetration was presented at trial through the testimony of S.P. It was up to the trial court to determine whether or not she was a credible witness. The defendant also argues that he has a sexually transmitted disease that he got at the age of 18 and that surely if he criminally sexually assaulted S.P. she should have this sexually transmitted disease also. Well notably he also claims that during his 18-year relationship with his wife that she got this sexually transmitted disease from him. He had to drive her to some undisclosed unnamed clinic in Effingham and that she had to have treatment for this condition. He could not name the name of the clinic. He could not say when he took her he just vaguely stated he took her to one of those gynecologist places. Well first of all as defense counsel knows Mrs. Oakley denied that she ever contracted any sexually transmitted disease from the defendant or anyone else and she also denied that the defendant contracted a sexually transmitted disease. Was there any scientific evidence that he actually had a disease a doctor or anything? No your honor there was never anything presented other than the testimony of the defendant himself and that's an issue for the trial court to resolve. It's a credibility determination and the court resolved that in favor of S.P. and her mother although there was never any testimony about whether S.P. in fact contracted a sexually transmitted disease. It is not part of the charging instrument. It's not necessary for the state to allege or prove that a person contracted a sexually transmitted disease. The defendant in this case is essentially asking this court to retry him on appeal but he concedes that the evidence is to be viewed deferentially and in the light most favorable to the state. Well the evidence presented at trial shows the defendant began by commenting on S.P.'s chest size. Then he proceeded from there a week or so later to touch her over the top of her clothing. From there he advanced decided to touch her underneath her clothing and finally he began having sex with S.P. She was only 13 years old. For the next three years the defendant had sex with her on average of once or twice a week. In a sufficiency of the evidence claim this court does not need to decide whether it believes the evidence established guilt beyond a reasonable doubt. Only whether the evidence supports the crime beyond a reasonable doubt. In this case the answer is yes. There are many reasons why S.P. might have waited to bring her claims. First of all she testified she was scared of the defendant. Second of all it supports the fact that she was scared because she sought and attained an order of protection. The third reason she began going to counseling in 2004. Many times when people are in counseling they reflect back on what happened and a lot of times through that process they recover some memories or they decide maybe I need to do something about this. What was the counseling what initiated the counseling? It doesn't indicate what initiated it. I'm assuming there wasn't a lot of questioning about that but that she had some issues that were unresolved or had some things in her life that weren't quite making sense to her. These were formative years age of 13 when this is occurring young women are realizing their sexuality and it's a time of lots of discovery and because this happened to her at that age she probably wasn't sure what to do with it. If I go to my mom at this point could it destroy my family? It's a it's a waiting thing to happen to a girl at that age. In any event the trial court made the proper credibility determinations. This court is not to weigh the evidence or retry the defendant and the people respectfully ask this court to affirm the judgment of the trial court. Thank you. Thank you Ms. Stacy. Mr. Evers you have a rebuttal. Mr. Evers if if we do not reverse on sufficiency of the evidence if and we reach the other issues do you have any corrections to what the state said on on the points they're conceding or how it should be dealt with? No your honor. Okay. The eight year sentence would be improper for that one lesser offense. The court clearly says that it's not going to a clerk just put eight years in and judges you know how judges are. He might sign it without really reading it. Not that I want to say that it might all be that way signing a judgment order is kind of a routine sometimes in the court below. What do you think what do you think about the 75 percent issue? Is that the way to handle it? And everybody clearly believes that 75 percent is what the credit or day-for-day 75 percent is and that's what the judge believed. Getting back to the reasonable doubt arguments the state has argued that there's there was no custody battle in the divorce. The record is very unclear about that and that came up in terms of divorce much later and so at one point he did have physical custody of his daughter Brandy and after all of these allegations came out and the claims of sexual abuse came out he no longer had physical custody of Brandy and so the idea that there was no great custody battle well yes because maybe he was more focused upon trying to defend against these allegations of sexual misconduct with his stepdaughter and the state the appellate prosecutors argued that there were a lot of things underneath her and the testimony about the path is very interesting to me because it really kind of developed only when there was this looking or search for some kind of evidence and they took the mattress and then she said oh yeah he almost always put a towel on it but I don't understand why he would do that also. Well we can't retry the case but I don't know why you just test a mattress when obviously beds have sheets and other things on it that would have been a lot stronger. Yes sir but the sheets are not things that keep DNA from seeping down and the number of bags of lead that's a large number in terms of you're having to rule upon it I have to agree that what the state has said about the standard of review the standard of review is what it is and finally uh the state argued about all of the things that are occurring to the complaining witness and takes that as true but in terms of that everything that this complaining witness testifies to is what she can make up if she wants to and it all relies upon her consequently your honors we would ask you to reverse thank you thank you counsel we'll take the matter under advisory